UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHIO HANG SAECHAO,<br><br>Petitioner,<br><br>v.<br><br>BRUCE SCOTT, et al.,<br><br>Respondents. | Case No. 2:26-cv-00548-TMC<br><br>ORDER DENYING HABEAS PETITION |

## I.    ORDER

On March 5, 2026, this Court denied a motion for a temporary restraining order ("TRO") filed by Petitioner Chio Hang Saechao. Dkts. 10, 23. Petitioner argued that his detention had become indefinite in violation of the Immigration and Nationality Act ("INA"), that he was entitled to a pre-deprivation hearing before being detained, and that his detention and possible removal to a third country were unconstitutionally punitive. Dkt. 10. In denying the motion, the Court reasoned that Petitioner was unlikely to succeed on the merits of his habeas petition (Dkt. 1) because Respondents presented "strong evidence of imminent removal" to Laos. Dkt. 23 at 8.

The habeas petition fails on the merits for the reasons discussed in the Court's order denying the TRO. Dkt. 23 at 5–10. As the Court noted:

ORDER DENYING HABEAS PETITION - 1

> Respondents provided evidence that (1) they resumed the process of deporting Petitioner as early as October 9, 2025; (2) they received a travel document for Petitioner's removal to Laos on January 30, 2026; (3) they only detained Petitioner after receiving his travel document; and (4) Petitioner "is manifested for a charter flight to Laos on March 15, 2026." Respondents also submitted to the Court a copy of Petitioner's travel document—a Laissez-Passer issued by the Laotian embassy on January 30, 2026. The document states that it "is used as a Passport and issued for an Individual to enter the Lao PDR for a single journey only and has a validity of 90 days from the date of issue."

*Id*. at 6–7 (internal citations omitted). It is unclear whether Petitioner has been deported as of the date of this order, and neither party has filed anything on the docket since the Court denied Petitioner's TRO. But if Petitioner has not already been deported, it remains likely that he will be deported in the reasonably foreseeable future and that his detention does not violate the INA as construed in *Zadvydas v. Davis*, 533 U.S. 678 (2001). As explained previously, Petitioner's imminent removal to Laos also undermines claims that his detention without a pre-deprivation hearing violated due process and that he is at risk of punitive removal to a third country. Dkt. 23 at 5–11. Finally, the facts surrounding Petitioner's punitive detention claim have not changed— the available record does not show that failures in NWIPC's medical care "were intended to punish him, or were excessive in relation to legitimate non-punitive purpose served by his detention." *Id*. at 12 (quoting *Sorio v. Hermosillo*, No. 2:25-CV-02492-TL, 2026 WL 413530, at *7 (W.D. Wash. Feb. 13, 2026)).

Each of Petitioner's habeas claims fail for the reasons discussed in the Court's earlier order denying Petitioner's motion for a TRO. Dkt. 23. The Court therefore DENIES the petition for writ of habeas corpus. Dkt. 1.

//

//

ORDER DENYING HABEAS PETITION - 2

Dated this 25th day of March, 2026.

Tiffany M. Cartwright
United States District Judge

ORDER DENYING HABEAS PETITION - 3